IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LAM VAN TOMMY NGUYEN § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00150-P |
| § | |
| QUALITY SAUSAGE COMPANY LLC § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Lam Van Tommy Nguyen's ("Plaintiff") First Motion to Compel and Brief in Support ("Motion to Compel"). ECF No. 26. Having carefully considered the Motion to Compel, the response, the reply, and all papers on file with the Court, the Court finds that the Motion to Compel should be and hereby is **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Plaintiff filed his Original Complaint (ECF No. 1) against Defendant Quality Sausage Company LLC ("Defendant," and together with Plaintiff, the "Parties") on February 19, 2019. The Original Complaint contains allegations that Defendant retaliated against Plaintiff in violation of the FDA Food Safety Modernization Act ("FSMA") as set forth in Title 21 U.S.C. § 399d. The Parties exchanged discovery requests and have conferred on discovery disputes on several occasions. Def.'s Resp., p. 1, ECF No. 39. After failing to resolve his discovery disputes with Defendant, Plaintiff filed his Motion to Compel on January 29, 2020, which is now ripe for review.

## LEGAL STANDARD

"Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 589 (N.D. Tex. 2017) (quoting FED. R. CIV. P. 26(b)(1)). "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) (quoting FED. R. EVID. 401). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Id.* (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quotations omitted).

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when a party fails to produce requested documents or respond to an interrogatory or request for admission. FED. R. CIV. P. 37(a)(3)(B)(iii)–(iv). For the purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to

disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).  Rule 34(b)(2), which deals with requests for production, states that any objection to a request for production must "state with specificity the grounds for objecting to the request, including the reasons" and "must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(B–C).  General, blanket, boilerplate, and unsupported objections to discovery requests are prohibited by the rules.  *Heller v. City of Dallas*, 202 F.R.D. 466, 483 (N.D. Tex. 2014); *Enron Corp. Savs. Plan*, 258 F.R.D. at 159.

"[U]nder Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable."  *Samsung Elecs. Am. Inc.*, 325 F.R.D. at 593 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).  It is not the case that "the burden to demonstrate why requested discovery should not be permitted shifts to a responding party only if and when the discovery's proponent first meets a threshold burden to prove that it is asking for documents within the scope permitted by Rule 26(b)(1)."  *Id.* at 595.

## DISCUSSION

In this motion, Plaintiff asks this Court to compel Defendant to fully respond to Requests for Admission Numbers 1 and 2 and Interrogatory Number 3, and to produce documents responsive to Requests for Production Numbers 14–18, 22–23, and 26–27.  Mot. to Compel, pp. 8, 10.  These requests seek discovery responses related to two categories of information: (1) facts concerning the immigration status of workers supplied by Archer Services, and (2) facts concerning Plaintiff's termination.

**A. Immigration Status of Workers Supplied by Archer Services.**

Plaintiff served Requests for Admission Numbers 1 and 2, Interrogatory Number 3, and Requests for Production Numbers 22, 26, and 27 to "explor[e] the true immigration status of Quality Sausage's workers supplied by Archer Services." Mot. to Compel, p. 8. Defendant resisted these discovery requests using boilerplate objections claiming that Plaintiff's requests were: (a) overly broad; (b) not relevant; (c) not proportional to the needs of this case; (d) unduly burdensome; (e) not reasonably calculated to lead to the discovery of admissible evidence; (f) harassing; and (g) invasive of the privacy rights of individuals who are not parties to this suit. App. in Supp. of Mot. to Compel, pp. 18–19, 23–24, 33–34 ECF No. 27. In its response to Plaintiff's Motion to Compel, Defendant argues that Plaintiff's allegations regarding citizenship do not state a proper claim under the anti-retaliation provision of the FSMA and that the discovery requests at issue were not relevant. Def.'s Resp, pp. 3–6.

After reviewing the Motion to Compel, the response, and the reply, the Court first notes that Defendant's general, blanket, boilerplate, and unsupported objections to discovery requests are prohibited by the rules. *Heller*, 202 F.R.D. at 483; *Enron Corp. Savs. Plan*, 258 F.R.D. at 159. The Court further notes that Defendant has not challenged the claims in Plaintiff's Original Complaint with a motion to dismiss under Federal Rule of Civil Procedure 12 or any other mechanism for attacking Plaintiff's Original Complaint. As such, the ultimate question of whether the scope of protected activity under the FSMA's anti-retaliation provision extends to complaints about the use of illegal aliens is not squarely before the Court for consideration. Instead, the issue before the Court is whether

4

Requests for Admission Numbers 1 and 2, Interrogatory Number 3, and Requests for Production Numbers 22, 26, and 27 are sufficiently tailored to obtain relevant discovery based on the live pleadings in this lawsuit. The Court finds that they are.

The FSMA's anti-retaliation provision states in relevant part that:

> No entity [covered by the FSMA] may discharge an employee or otherwise discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee . . . provided, caused to be provided, or is about to provide or cause to be provided to the employer, the Federal Government, or the attorney general of a State information relating to any violation of, or any act or omission ***the employee reasonably believes*** to be a violation of any provision of this chapter or any order, rule, regulation, standard, or ban under this chapter, or any order, rule, regulation, standard, or ban under this chapter.

21 U.S.C. § 399d(a)(1) (emphasis added). "[T]o state a claim for retaliation under the FSMA, a plaintiff must establish (1) participation in a protected activity under the FSMA known to the defendant; (2) an employment action disadvantaging the plaintiff or action that would dissuade a reasonable worker from exercising protected rights under the FSMA, and (3) a causal connection between the protected activity and adverse action." *Chase v. Bros. Int'l Food Corp.*, 3 F. Supp. 3d 49, 54 (W.D.N.Y. 2014). The "FSMA specifically protects employees who give information to their employer about conduct they 'reasonably believe' violates the [Federal Food, Drug, and Cosmetic Act]." *Byron v. Inst. for Envtl. Health, Inc.*, 2019 WL 6913478, at *2 (W.D. Wash. Dec. 19, 2019). "There are few cases in which the anti-retaliation provision of FSMA has been interpreted and applied, but the consensus is that the whistleblower provision extends to employees who report or oppose what they reasonably believe to be unlawful conduct, even if the conduct is not, in fact,

5

Case 4:19-cv-00150-P   Document 42   Filed 05/12/20   Page 6 of 13   PageID 366

unlawful." *Id*. (citing *Singletary v. Howard Univ.*, 939 F.3d 287, 296 and n.2 (D.C. Cir. 2019); *Ortiz v. Priority Healthcare Group LLC*, 2019 WL 3240016, at *7 (M.D. Pa. July 18, 2019)).

"Establishing that an employee had a 'reasonable belief' that he or she was opposing unlawful conduct involves a twofold showing. First, the employee must show that he subjectively believed that the employer's conduct was unlawful at the time. Second, the employee's subjective belief must have been objectively reasonable." *Id*. at *3. "A belief is objectively reasonable when 'a reasonable person with the same training and experience as the employee would believe that the conduct implicated' violates the law." *Id.* (quoting *Wiest v. Lynch*, 710 F.3d 121, 132 (3d Cir. 2013)). Importantly, even an "erroneous belief that an employer engaged in an unlawful employment practice is reasonable, and thus actionable . . . if premised on a mistake made in good faith." *Id.* (quoting *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994)). "That is because a layperson should not be burdened with the sometimes impossible task of correctly anticipating how a given court will interpret a particular statute." *Singletary*, 939 F.3d at 296–97 (quotations omitted). Moreover, "[t]he determination of whether or not an employee holds a reasonable belief as to whether or not an employer's conduct is prohibited by law is a question of fact that is to be determined by the trier of fact based on the totality of the circumstances." *Chase*, 3 F. Supp. 3d at 54 (citing *Casalino v. New York State Catholic Health Plan, Inc.*, 2012 WL 1079943 (S.D.N.Y. Mar. 30, 2012)); *see also Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996) (affirming jury's conclusion that plaintiff reasonably and in good faith believed that she was the victim of a "hostile work environment.").

In the present case, whether Plaintiff held a reasonable belief that Defendant's conduct was prohibited by the FSMA and whether that belief was objectively reasonable present questions of fact for the jury. *See Chase*, 3 F. Supp. 3d at 54 ("[T]he finding as to the reasonableness of an employee's belief is typically an issue of fact for the jury, and not an issue that can decided as a matter of law."). Moreover, Defendant failed to carry its burden of showing that the discovery requests concerning the immigration status of Quality Sausage workers supplied by Archer Services are not relevant to Plaintiff's claims. *See Samsung Elecs. Am. Inc.*, 325 F.R.D. at 593–95. Taking into consideration the factors from Federal Rule of Civil Procedure 26(b)(1), the Court finds that Requests for Admission Numbers 1 and 2, Interrogatory Number 3, and Requests for Production Numbers 22, 26, and 27 are sufficiently tailored to obtain relevant discovery as the Original Complaint contains allegations that Defendant retaliated against Plaintiff after he reported about, objected to, and was perceived as about to report about, Defendant's alleged use of illegal aliens supplied by Archer Services. Pl.'s Original Compl., pp. 6–15.

Accordingly, Plaintiff's Motion to Compel as to Requests for Admission Numbers 1 and 2, Interrogatory Number 3, and Requests for Production Numbers 22, 26, and 27 should be and hereby is **GRANTED** and Defendant's objections thereto are **OVERRULED**. The Court **ORDERS** Defendant to fully answer Requests for Admission Numbers 1 and 2 and Interrogatory Number 3, and to search its records and take all reasonable efforts to obtain and produce any responsive documents that comply with Plaintiff's Requests for Production Numbers 22, 26, and 27.

### B. Plaintiff's Termination.

Plaintiff claims that Requests for Production Numbers 14–18 and 23 seek "information relevant to [Plaintiff's] performance as a Quality Sausage employee, his protected activity, the nexus between his protected activity and his termination, and the falsity of Quality Sausage's shifting excuses for terminating him." Mot. to Compel, p. 10. For the sake of simplicity and clarity, the Court will review each remaining disputed request individually.

#### (1) Request for Production No. 14.

Plaintiff's Request for Production Number 14 reads as follows: "A reproduction of each record that (a) constitutes or documents a communication about Plaintiff, (b) was created after November 1, 2016, and (c) was created and/or received by any of the following persons: Anne Smalling, Todd Gilbert, Ida Jimenez, Angel Alva, Gene Eisen, Fred Koelewyn, Shawn West, and/or Steve O'Brien." App. in Supp. of Mot. to Compel, p. 12. Defendant resisted this request using the following boilerplate objections: (a) overly broad; (b) insufficiently limited in time and scope; (c) unduly burdensome; (d) not reasonably calculated to lead to the discovery of admissible evidence; (e) not proportional to the needs of this case; and (f) seeks information not in the custody, control, or possession of Defendant. *Id*. at p. 31. However, "subject to and without waiving these objections," Defendant agreed to produce the requested documents "that discuss Plaintiff's job performance, discipline, or termination" between six of the eight custodians for the more limited window of time between March 5, 2017 and July 19, 2018. *Id*. at 31.

After reviewing the Motion to Compel, the response, and the reply, the Court notes again that Defendant's general, blanket, boilerplate, and unsupported objections to discovery requests are prohibited by the rules. *Heller*, 202 F.R.D. at 483; *Enron Corp. Savs. Plan*, 258 F.R.D. at 159. Moreover, Defendant failed to carry its burden of showing that the documents sought in this request are not relevant or are otherwise objectionable. Taking into consideration the factors from Federal Rule of Civil Procedure 26(b)(1), the Court finds that the documents sought in this discovery request are sufficiently tailored to obtain relevant discovery. Accordingly, Plaintiff's Motion to Compel as to Request for Production Number 14 should be and hereby is **GRANTED** and Defendant's objections thereto are **OVERRULED**. The Court **ORDERS** Defendant to search its records and take all reasonable efforts to obtain and produce any responsive documents that comply with Plaintiff's Request for Production Number 14.

### (2) Request for Production No. 15.

Plaintiff's Request for Production Number 15 reads as follows: "A reproduction of each record that constitutes a communication from Plaintiff to Todd Gilbert, Ida Jimenez, Alva, Gene Eisen, Fred Koelewyn, Shawn West, and/or Steve O'Brien." App. in Supp. of Mot. to Compel, p. 12. Defendant resisted this request using the following boilerplate objections: (a) overly broad; (b) insufficiently limited in time and scope; (c) unduly burdensome; (d) not reasonably calculated to lead to the discovery of admissible evidence; (e) not proportional to the needs of this case; (f) seeks information not in the custody, control, or possession of Defendant. *Id.* at p. 31.

After reviewing the Motion to Compel, the response, and the reply, the Court notes again that Defendant's general, blanket, boilerplate, and unsupported objections to discovery requests are prohibited by the rules. *Heller*, 202 F.R.D. at 483; *Enron Corp. Savs. Plan*, 258 F.R.D. at 159. Moreover, Defendant has agreed to produce the requested documents that are in its possession. Def.'s Resp., p. 7. Accordingly, Plaintiff's Motion to Compel as to Request for Production Number 15 should be and hereby is **GRANTED** and Defendant's objections thereto are **OVERRULED**. The Court **ORDERS** Defendant to search its records and take all reasonable efforts to obtain and produce any responsive documents that comply with Plaintiff's Request for Production Number 15.

### (3) Request for Production No. 16.

Plaintiff's Request for Production Number 16 reads as follows: "A reproduction of the entire personnel file and each employment record concerning Alva." App. in Supp. of Mot. to Compel, p. 12. Defendant objected to this request because it believed the request "was not reasonably calculated to lead to the discovery of admissible evidence and because it seeks a non-party individual's confidential information in which he has a reasonable expectation of privacy." *Id.* at p. 32. Nevertheless, Defendant produced the requested documents on September 30, 2019 after redacting the personally identifiable information relating to Alva. Accordingly, Plaintiff's Motion to Compel as to Request for Production Number 16 should be and hereby is **DENIED as moot**.

### (4) Request for Production No. 17.

Plaintiff's Request for Production Number 17 reads as follows: "A reproduction of each record that (a) constitutes or documents a communication about Alva, (b) was created

10

after November 1, 2016, and (c) was created and/or received by any of the following persons: Todd Gilbert, Ida Jimenez, Gene Eisen, Fred Koelewyn, Anne Smalling, Shawn West, and/or Steve O'Brien." App. in Supp. of Mot. to Compel, p. 12. Defendant objected to this request on the following grounds: (a) overly broad; (b) insufficiently limited in time and scope; (c) unduly burdensome; (d) not reasonably calculated to lead to the discovery of admissible evidence; and (e) seeks information protected from disclosure by the attorney-client communication privilege. *Id*. at p. 32.

After reviewing the Motion to Compel, the response, and the reply, the Court notes again that Defendant's general, blanket, boilerplate, and unsupported objections to discovery requests are prohibited by the rules. *Heller*, 202 F.R.D. at 483; *Enron Corp. Savs. Plan*, 258 F.R.D. at 159. Taking into consideration the factors from Federal Rule of Civil Procedure 26(b)(1), the Court finds that the documents sought in this discovery request are sufficiently tailored to obtain relevant discovery. Accordingly, Plaintiff's Motion to Compel as to Request for Production Number 17 should be and hereby is **GRANTED in part**. Defendant's objections that the information sought in this request is overly broad, insufficiently limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence are **OVERRULED**, but Defendant's objection as to information protected by attorney-client privilege is **SUSTAINED**. The Court **ORDERS** Defendant to search its records and take all reasonable efforts to obtain and produce any responsive, non-privileged documents that comply with Plaintiff's Request for Production Number 17.

### (5) Request for Production No. 18.

Plaintiff's Request for Production Number 18 reads as follows: "A reproduction of each record that constitutes or documents a communication between Alva and any of the following persons: Todd Gilbert, Ida Jimenez, Gene Eisen, Fred Koelewn, Steve O'Brien, Anne Smalling, Shawn West, and/or Erica Perez." App. in Supp. of Mot. to Compel, p. 12. Defendant initially objected to this request with a boilerplate response but has since withdrawn its objections. *See* Def.'s Resp., p. 7. Accordingly, Plaintiff's Motion to Compel as to Request for Production Number 18 should be and hereby is **GRANTED**. The Court **ORDERS** Defendant to search its records and take all reasonable efforts to obtain and produce any responsive documents that comply with Plaintiff's Request for Production Number 18.

### (6) Request for Production No. 23.

Plaintiff's Request for Production Number 23 reads as follows: "A reproduction of each Time Card Report concerning Alva since November 1, 2016." App. in Supp. of Mot. to Compel, p. 13. Defendant objected to this request on the following grounds: (a) overly broad; (b) insufficiently limited in time and scope; (c) unduly burdensome; (d) not reasonably calculated to lead to the discovery of admissible evidence; (f) seeks a non-party individual's confidential information in which he has a reasonable expectation of privacy." *Id*. at p. 33. Nevertheless, Defendant "has already produced all responsive documents for the year preceding Plaintiff's termination." Def.'s Resp., p. 8.

After reviewing the Motion to Compel, the response, and the reply, the Court notes again that Defendant's general, blanket, boilerplate, and unsupported objections to

discovery requests are prohibited by the rules. *Heller*, 202 F.R.D. at 483; *Enron Corp. Savs. Plan*, 258 F.R.D. at 159. The Court finds that Plaintiff's Motion to Compel as to Request for Production Number 23 should be and hereby is **GRANTED.** Defendant's objections that the information sought in this request is overly broad, insufficiently limited in time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence are **OVERRULED**, but Defendant's objection as to a non-party individual's confidential information is **SUSTAINED**. The Court **ORDERS** Defendant to search its records and take all reasonable efforts to obtain any responsive documents that comply with Plaintiff's Request for Production Number 23, and to produce such documents after redacting any personally identifiable information therein.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion to Compel (ECF No. 26) is **GRANTED in part** and **DENIED in part** in that Defendant shall, no later than **June 11, 2020**, respond to Plaintiff's discovery requests and produce the requested documents to Plaintiff as set forth above.

**SO ORDERED** on this **12th day** of **May, 2020**.

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

13